IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CAROLYN GRACE RILEY, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL NO. 5:21-cv-1121 |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS | § | |
| Defendant | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

CAROLYN GRACE RILEY, Plaintiff, files this Complaint against BLUE CROSS BLUE SHIELD OF TEXAS, Defendant and for cause of action would show the Court the following:

## JURISDICTION

1. This Court has jurisdiction over this ERISA suit under 29 U.S.C. § 1132(e).

2. Plaintiff currently resides in Dallas County, Texas, but will receive the medical treatment in question in Bexar County, Texas.

3. Defendant, BLUE CROSS BLUE SHIELD OF TEXAS (BC/BS) is a health insurance company which does business in Bexar County, Texas and the medical services in question are to be performed in Bexar County, Texas. Defendant, BLUE CROSS BLUE SHIELD OF TEXAS (BC/BS) will be served in accordance with Rule 4, FED. R. CIV. P., by serving a copy of the Summons and of the Complaint on its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 by private process server.

## FACTS

4. Plaintiff is an employee of Worldwide Express, LLC and a participant in its healthcare benefits program administered by BC/BS. Plaintiff seeks to clarify her rights under the terms of the plan, as authorized by 29 U.S.C. § 1132(a)(1)(B). Specifically, Defendant has denied coverage for surgical procedures which Plaintiff is scheduled to undergo in February 2022. Plaintiff has exhausted her appeals of the denial with Defendant. See Exhibit 1, denial letter of August 25, 2021, attached and incorporated herein by reference.

5. Plaintiff will show that the surgical procedures scheduled for February 2022, are bilateral temporomandibular joint replacement and upper jaw Leforte procedure, to be performed by doctors of the University of Texas Health Science Center in San Antonio at University Hospital in San Antonio. A current estimated cost of those procedures and subsequent rehabilitation care is $75,000. These procedures are medically necessary to prevent collapse of Plaintiff's airways.

6. Plaintiff will further show that the necessity for the surgical procedures in question resulted directly from an "Accidental Injury" as defined on page 48 of the Health Care Benefits Program booklet, Exhibit 2 attached. Specifically, the damage to Plaintiff's temporomandibular joint was caused by the negligence of Plaintiff's orthodontist during the period 2005 through 2007. See attached 2008 letter from Dr. Carolyn Flanary, DDS, explaining in detail the negligence of the orthodontist (Exhibit 3) which caused "the accidental[1] bodily injury resulting, directly and independently of all

---

[1] Merriam Webster defines "accidental" as "(a) occurring unexpectedly or by chance, (b) happening without intent or through carelessness and often with unfortunate results." The injury to Plaintiff is clearly accidental.

other causes, in initial necessary care provided by a Physician or Professional Other Provider." See Exhibit 2, Health Care Benefits Program booklet, p. 48.

7. Plaintiff will further show that the Program expressly covers "Treatment provided for the correction of defects incurred in an Accidental Injury sustained by the Participant." Exhibit 2, p. 36. The surgery in question is for the correction of defects incurred in an Accidental Injury.

8. Defendant denied Plaintiff's claim based solely on Limitation and Exclusion No. 46 of the Program, which excludes benefits for "Any services or supplies not specifically defined as Eligible Expenses in the Plan." (Exhibit 2, p. 47). See Exhibit 1, denial letter. However, as shown, benefits are payable for Accidental Injury.

9. A reasonable interpretation of the Program document is that it excludes coverage for temporomandibular joint treatment (Plan, Exhibit 2, p. 45) unless the treatment is necessitated, as here, by an "Accidental Injury." This interpretation is in accord with the principle that if the benefits document is ambiguous, it should be interpreted strictly in favor of the claimant. *Green v. Life Ins. Co. of America,* 754 F.3d 324, 331-32 (5th Cir. 2014).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court:

1. Clarify Plaintiff's rights under the Plan by declaring that the surgical and related procedures in question are covered under the Plan;

2. Award reasonable attorney's fees and costs to Plaintiff's counsel as authorized by 29 U.S.C. § 1132(f)(1).

3. Grant such other relief as the Court deems appropriate.

SIGNED on the 12th day of November, 2021.

                                    Respectfully submitted,

                                    RILEY & RILEY
                                    ATTORNEYS AT LAW

By: _____
                                    Darby Riley
                                    Texas Bar No. 16924400
                                    320 Lexington Avenue
                                    San Antonio, Texas 78215-1913
                                    (210) 225-7236 (telephone)
                                    (210) 227-7907 (facsimile)
                                    darbyriley@rileylawfirm.com
ATTORNEYS FOR PLAINTIFF